UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE Nº _____

**NAUTILUS INSURANCE COMPANY,**
an Arizona Corporation,

       Plaintiff,

vs.

**DESIGN BUILD INTERAMERICAN, INC.**,
a Florida Corporation,
and
**PILAR PENA**,
individually and as Plenar Guardian of
Alberto Zambrana, Florida residents,

       Defendants.

**COMPLAINT FOR DECLARATORY RELIEF**

Nautilus Insurance Company sues Design Build Interamerican, Inc. and Pilar Pena, individually and as Plenar Guardian of Alberto Zambrna, and says:

1. This is an action for declaratory and other relief pursuant to the Federal Declaratory Judgment Act, 28 USC §§ 2291 and 2202.

2. The amount in controversy exceeds $75,000.00 exclusive of interests and costs.

3. Jurisdiction is proper under 28 USC § 1332.

4. Venue is proper in this court.

5. All Defendants are residents of and/or have their principal place of business in Florida or states other than Arizona.

6. Nautilus Insurance Company is an Arizona corporation with its principal place of business in Arizona.

7. All necessary, central parties and interested persons have been joined in this suit.

8. Judgment in this case will finally and completely resolve all issues between all interested parties in the matter.

9. All conditions precedent have either occurred or been waived.

## COUNT I
## DECLARATORY RELIEF

10. Paragraphs 1-9 are re-alleged here.

11. Nautilus Insurance Company issued a Commercial General Liability (CGL) policy (The Policy) providing liability coverage to Defendant, Design Build Interamerican, Inc. *See Exhibit* "A".

12. Defendant, Pillar Pena, has sued Design Build Interamerican, Inc. (The Pena Lawsuit) *See Exhibit* "B".

13. The Pena Lawsuit alleges that Design Build Interamerican was a general contractor in control of a constructuion site in Doral, Florida and that Alberto Zambrana was delivering supplies to that construction site when he fell and was seriously injured. *See Exhibit* "B".

14. The Pena Lawsuit alleges that Design Build Interamerican is liable for bodily injury suffered by Mr. Zambrana. *See Exhibit* "B".

15. The Pena Lawsuit also alleges a deriviative claim for loss of consortium on behalf of Ms. Pena. *See Exhibit* "B".

16. Nautilus Insurance Company now understands that:

On April 4, 2008, Design Build Interamerican was the general contractor at a construction site located at 5900 N.W. 97th Avenue #14, Doral, Florida 33178. At that time, Mr. Zambrana was a delivery man working for Royal Plumbing Company. Royal was Design Build Interamerican's plumbing subcontractor. Mr. Zambrana had been employed by Royal for approximately two (2) years. Although Mr. Zambrana had delivered materials to the site before the incident, he had never been on the ceiling above the work area. Mr. Zambrana was asked to assist with the installation of a three (3) inch pipe to a steam boiler in the ceiling area of the site. As Mr. Zambrana was attempting to descend into a scissors lift he stepped onto an unsupported drop ceiling that bordered on the hard ceiling and the seissors lift. He fell over eighteen (18) feet to the floor and was seriously injured.

17. The Policy issued by Nautilus to Design Build Interamerican contains an L205 endorsement eliminating insurance coverage for injury to the insured's contractors and/or subcontractors. The L205 endorsement also eliminates coverage for deriviative clams arising out of injury to the insured's contractors and/or subcontractors.

**COMMERCIAL GENERAL LIABILITY**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**EXCLUSION – INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND WORKERS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Exclusion **e. Employer's Liability** under Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability is replaced** by the following:

This insurance does not apply to:

   **e.    Employer's Liability**

   "Bodily injury" to:

3

      **(1)**    An "employee" of any insured arising out of and in the course of:

          **(a)**    Employment by any insured; or
          **(b)**    Performing duties related to the conduct of any insured's business; or

      **(2)**    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:

      **(1)**    Whether any insured may be liable as an employer or in any other capacity; and

      **(2)**    To any obligation to share damages with or repay someone else who must pay damage because of the injury.

**B.**    Exclusion **a. Any Insured** under Paragraph **2., Exclusions** of **Section I – Coverage C – Medical Payments** is **replaced** by the following:
We will not pay expenses for "bodily injury";

    **a.**    **Any Insured**
        To any insured.

**C.**    For the purpose of this endorsement, the definition of "Employee" in the **Definitions** Section is **replaced** by the following:

"Employee" is any person or persons who provide services directly or indirectly to any insured, regardless of where the services are performed or where the "bodily injury" occurs, including, but not limited to a "leased worker", a "temporary worker", a "volunteer worker", a statutory employee, a casual worker, a seasonal worker, a contractor, a subcontractor, an independent contractor, and any person or persons hired by, loaned to, or contracted by any insured or any insured's contractor, subcontractor, or independent contractor. This definition of "employee" will not modify the provisions of **Section II – Who Is An Insured.**

All other terms and conditions of this policy remain unchanged.

L205 (06/06)

18. The Policy issued by Nautilus to Design Build Interamerican also excludes coverage for obligations of the insured under worker's compensation or similar laws.

    **2.**    **Exclusions**

        This insurance does not apply to:

            . . .

        **d.**    **Workers' Compensation And Similar Laws**

> Any obligation of the insured under workers' compensation, disability benefits or unemployment compensation law or any similar law.

19. Mr. Zambrana was, at the time of his injury, an "Employee", as that term is used and defined by the Policy, of Design Build Interamerican.

20. Mr. Zambrana was, at the time of his injury, the statutory employee of Design Build Interamerican, Inc.

21. Nautilus Insurance Company is presently defending Design Build Interamerican, Inc. in The Pena Lawsuit under a complete reservation of rights.

22. There is a true and real controversery regarding Nautilus Insurance Company's rights and obligations under The Policy issued to Design Build Interamerican, Inc.

23. Nautilus Insurance Company requests that the court

- Take jurisdiction of this matter;

- Declare that Nautilus Insurance Company does not have a duty to defend Design Build Interamerican, Inc., in The Pena Lawsuit;

- Declare that Nautilus Insurance Company does not have a duty to indemnity Design Build Interamerican, Inc., for the damages sought in in The Pena Lawsuit; and

- Award other such relief that the court deems right on the facts of this case.

DATED: March 8th, 2011.

By: */s/ Charles M-P George*
**CHARLES M-P GEORGE**
Florida Bar Number: 996718
2000 Ponce de Leon Boulevard #501
Coral Gables, Florida 33134
Telephone: 305-661-7686
Email:cgeorge@cmpg-law.com